UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SUPER 8 MOTELS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CONQUISTA HOTEL GROUP, LTD.,<br>ET AL.,<br><br>    Defendants. | Honorable Madeline Cox Arleo<br>Civil Action No. 06-5642 (JAG)<br><br>**REPORT AND RECOMMENDATION** |

## BACKGROUND

On November 27, 2006, plaintiff, Super 8 Motels, Inc. ("plaintiff"), filed the complaint. Thereafter, by stipulation and order entered on March 29, 2007, defendants, Conquista Hotel Group, Ltd. ("Conquista"), Alanis Hotels, L.C. ("Alanis"), Jose Alanis, Jose Alanis, Jr., Ruth Alanis and Samuel Vela (sometimes hereinafter referred to as "defendants") were granted an extension of time to move and/or answer the complaint until April 23, 2007. Defendants then sought an additional extension of time to answer or otherwise move until April 26, 2007. By a second stipulation and order, this Court granted defendants' request. On April 26, 2007, defendants filed an answer with affirmative defenses to the complaint.

On June 14, 2007, this Court entered a Letter Order, stating that a Scheduling Conference would be held on August 8, 2007 ("June 14th, Letter Order"). The June 14th, Letter Order further directed the parties to exchange Fed. R. Civ. P. 26 disclosures. Additionally, parties who wished

to serve written discovery were directed to do so immediately. Moreover, at least fourteen days before the August 8, 2007, Scheduling Conference, the parties were directed to meet and confer pursuant to Fed. R. Civ. P. 26(f), and were ordered to submit a joint discovery plan to the Court not later than seventy-two hours before the August 8th, Scheduling Conference. The June 14th, Letter Order further directed that, at the Scheduling Conference, all parties who were not appearing pro se must be represented by counsel who shall have full authority to bind their clients in all pre-trial matters. The June 14th, Scheduling Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions.

     On August 21, 2007, attorney Miguel A. Pozo, on behalf of the law firm of Lowenstein Sandler, moved for leave to withdraw as counsel for defendants. Mr. Pozo's basis for filing the motion was defendants' failure to respond or otherwise cooperate with Mr. Pozo's firm in preparing a defense to this litigation. Accordingly, this Court granted Mr. Pozo's motion by Order entered on August 30, 2007 and directed him to provide his clients with copies of the Order. This Court further directed defendants Conquista and Alanis, corporate entities, to have new counsel enter an appearance on their behalf no later than October 1, 2007, as a corporate entity cannot represent itself under applicable law. The Order also provided that, if counsel failed to enter an appearance on behalf of Conquista and Alanis by October 1, 2007, this Court would ask the District Court to strike their answers and enter default against them.

     As to defendants Jose Alanis, Jose Alanis, Jr., Ruth Alanis and Samuel Vela, if new counsel was not secured and an appearance entered by October 1, 2007, the Court would then deem them to be proceeding on a pro se basis and require them to attend all court conferences. The parties were directed to appear for a status conference on October 5, 2007 at 10:00 a.m.. On

October 5, 2007, only plaintiff's counsel appeared at the Conference. No party or counsel appeared on behalf of any of the defendants.

On that same date, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of the failure of individual defendants Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis to attend the Court ordered status conference on October 5, 2007. The Order to Show Cause was returnable October 25, 2007 at 10:30 a.m. The individual defendants were directed to file any written submissions with the Court by October 18, 2007. On October 25, 2007, only plaintiff's counsel appeared at the Conference. No party or counsel appeared on behalf of any of the individual defendants.

With respect to corporate defendants, Conquista Hotel Group, Ltd. and Alanis Hotels, L.C., pursuant to settled Third Circuit law, corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Accordingly, on October 30, 2007, this Court signed a Report and Recommendation that the District Court strike the answer of corporate defendants, Conquista Hotel Group, Ltd. and Alanis Hotels, L.C. (Docket Entry Nos. 12 and 13)[1], order that default be entered against them, and permit plaintiff to proceed to judgment by default as to defendants Conquista and Alanis.[2] (Docket Entry No. 21).

---

[1] A review of the official docket indicates that defendants mistakenly filed twice their Answer to the Complaint (Docket Entry Nos. 12 and 13).

[2] On December 10, 2007, District Judge Greenaway entered an Order adopting the October 30, 2007, Report and Recommendation of the undersigned, striking the answers of Conquista and Alanis Hotels, ordering default be entered against these corporate defendants, and permitting plaintiff to proceed to judgment by default as to Conquista and Alanis. (Docket Entry No. 23).

On October 30, 2007, this Court also issued a second Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of the failure of individual defendants Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis to attend the Court ordered status conferences on October 5, 2007 and October 25, 2007. The Order to Show Cause was returnable November 20, 2007 at 10:00 a.m. If these individual defendants or counsel retained on their behalf, respectively, failed to appear on November 20, 2007, I advised that I would ask the District Judge to strike the defendants' answers and enter default against them. These defendants were directed to file any written submissions with the Court by November 13, 2007. On November 20, 2007, only plaintiff's counsel appeared at the Conference. No party or counsel appeared on behalf of any of the individual defendants.

**DISCUSSION**

The failure of individual defendants Jose Alanis, Jose Alanis, Jr., Ruth Alanis and Samuel Vela (hereinafter referred to as "individual defendants") to comply with their Rule 26 and discovery obligations as well as the Orders of this Court require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative

4

sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.  The Court is required to balance each factor in its analysis.  Id.

1.	The Extent of the Individual Defendants' Personal Responsibility

At no time has any of the individual defendants offered any written or verbal explanation to this Court for their failure to comply with discovery obligations or court orders.  Indeed, Mr. Pozo moved to be relieved as defense counsel because defendants failed to respond or otherwise cooperate with Mr. Pozo's firm in preparing a defense to this litigation.  Additionally, after this Court granted  Mr. Pozo's motion to be relieved by Order entered on August 30, 2007, pro se individual defendants made no attempts to either communicate with the Court or appear at court ordered conferences.  Accordingly, this Court finds that each of the individual defendants are personally responsible for their own failure to comply with discovery and court orders.  Their inaction demonstrates a willful decision to disregard their discovery obligations and orders of the Court.  The individual defendants were warned that continued failure to comply would result in sanctions, up to and including, entry of default.  They each ignored the Court's Orders of June 14, 2007, August 30, 2007, October 5, 2007, and October 30, 2007.

These individual defendants are not exempt from responsibility for failure to abide by Court orders simply because they are pro se litigants.  "[A]ll litigants, including *pro ses*, have an obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."  Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).  The individual defendants continuously failed to comply with court ordered discovery obligations and appearances for conferences.

Individual defendants made a purposeful decision to thwart discovery and refuse to

appear for court ordered appearances.  Accordingly, this factor weighs in favors of striking the individual defendants' answer, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis.

2.     Prejudice to Plaintiff

Based on the individual defendants' decision to thwart the discovery process, plaintiff is incapable of prosecuting its claims against them.  Despite the June 14, 2007, Letter Order from this Court, the individual defendants have not produced discovery or attend in person conferences.

The inaction of Jose Alanis, Jose Alanis, Jr., and Ruth Alanis has prejudiced plaintiff in its ability to proceed with discovery.  Additionally, based on the individual defendants' inaction, it is impossible for plaintiff to understand their defenses and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id.  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to obtain any discovery from the individual defendants or ascertain their defenses in this suit. The discovery failures and decision not to appear at court ordered conferences present in this matter weigh in favor of striking the answer of Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis, ordering that default by entered against them, and allowing plaintiff to proceed to judgment by default as to the individual defendants.

3.    History of Dilatoriness

Again, none of the individual defendants have made any attempt to explain their failures to comply with discovery obligations or appear for court appearances. As set forth above, this Court made several efforts to permit the individual defendants to defend against this suit by allowing them time to secure new counsel after Mr. Pozo withdrew from the case and by issuing two Orders to Show Cause wherein they was directed to appear for the previously missed October 5, 2007, Scheduling Conference and October 25, 2007, Order to Show Cause return date. Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. The individual defendants have ignored orders and deadlines including Rule 26 disclosures; initial discovery responses; preparation of a joint discovery plan; appearing at court hearings on October 5, 2007 and on October 25, 2007 (resulting in two Orders To Show Cause); and all deadlines established by the June 14th, Letter Order. Despite Orders and deadlines, discovery remains outstanding. Therefore, this factor weighs in favor of striking the individual defendants' answer, ordering that default be entered against them, and allowing

plaintiff to proceed to judgment by default as to Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis.

4.   The Individual Defendants' Conduct Has Been Willful

Given the individual defendants' failure to provide any explanation for their failure to participate in their defense of this case, the Court finds that the individual defendants' failure to comply with discovery obligations and court orders were willful in nature.  As set forth above, Hill has failed to serve any discovery requests or Rule 26 disclosures.  The individual defendants also have failed to appear for in person conferences.  Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith.  See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").[3]  This factor warrants striking the answer of Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to the individual defendants.

5.   Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided the individual defendants several opportunities to comply with their discovery obligations, appear at court ordered conferences, and defend against this suit.  The record is also replete with their failures to do so.  To continue to allow the individual defendants further benefits to comply with discovery and appear at court

---

[3] The Court notes that local counsel also bears the burden of culpability in Frelix's willfulness and bad faith because, under New Jersey local rules, local counsel remains counsel of record and, wittingly and unwittingly, exposes himself to liability for penalties such as sanctions. See, Ingemi v. Pelino & Lentz, 866 F. Supp. 156 (D.N.J. 1994).

conferences makes this case impossible for the Court to move forward and for plaintiff to prosecute its claims. The individual defendants' refusal to follow Court Orders and discovery rules has been evidenced throughout this case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery. See Fed.R.Civ.P. 37(b)(2)(c). Based on the record before this Court, no alternative to striking the answer of Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to these individual defendants is appropriate in this case.

6.   <u>Meritoriousness of Hill's Defense</u>

The Court has reviewed the individual defendants' answer to the complaint. However, given their failure to exchange any discovery with plaintiff, the Court cannot adequate evaluate the merits, if any, of their individual defenses. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking the answer of Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to these individual defendants, this Court declines to consider this factor in weighing the recommended sanctions.


## **CONCLUSION**

This Court's recommendation of striking the answer of Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to these individual defendants is not made lightly.

However, this Court is convinced that it is left with no alternative. Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer of pro se defendants Samuel Vela, Jose Alanis, Jose Alanis, Jr., and Ruth Alanis (Docket Entry Nos. 12 and 13), ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to these individual defendants. The parties have ten (10) days from receipt hereof to file and serve objections.

                                                Respectfully submitted,

                                                *s/Madeline Cox Arleo*
                                                MADELINE COX ARLEO
                                                United States Magistrate Judge

Dated: December 18, 2007

Orig.: Clerk of the Court
cc:    Hon. Joseph A. Greenaway, Jr., U.S.D.J.
        All Parties
        File